

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FOX VALLEY CONSTRUCTION WORKERS FRINGE BENEFIT FUNDS, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| vs. | ) ) ) | NO. 10 C 7300 |
| LONNIE DANTZLER, d/b/a D AND B CONSTRUCTION, | ) ) ) ) | JUDGE MATTHEW F. KENNELLY |
| Defendant. | ) ) | |

## ORDER

THIS MATTER, coming to be heard before this Court on Plaintiffs' motion for a special order of service of the Summons and Complaint, originally filed with this Court on November 12, 2010, on Lonnie Dantzler, d/b/a D and B Construction, and the Court, being fully advised in the premises and upon further evidence submitted herewith, FINDS:

1.    On November 12, 2010, Plaintiffs filed the instant action arising under the laws of the United States and pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145 (hereinafter referred to as "ERISA").

2.    Plaintiffs' process server made numerous attempts to serve the Summons and Complaint on Lonnie Dantzler at his business, 400 W. 76th Street, Suite 330, Chicago, IL 60620. On December 7, 2010, Plaintiffs' process server advised Plaintiffs' counsel by e-mail that several service attempts were made at the business and that on each occasion, the process server was advised by a secretary that Mr. Dantzler was not

in the office that day and that he was always in and out of the office.

3.      On December 7, 2010, Plaintiffs' counsel advised the process server, by e-mail, to serve the Summons and Complaint on Lonnie Dantzler at his residence: 7938 S. Paulina, Chicago, IL.

4.      On December 13, 2010, the process server sent Plaintiffs' counsel an e-mail advising that Lonnie Dantzler moved from the apartment on S. Paulina two (2) months ago.

5.      On December 14, 2010, Plaintiffs' counsel advised the process server to serve Lonnie Dantzler at: 815 W. Van Buren Street, Suite 203, Chicago, IL 60607-3567.

6.      On December 21, 2010, the process server advised Plaintiffs' counsel by e-mail that Lonnie Dantzler and D and B Construction were unknown at the business on W. Van Buren Street.

7.      On December 27, 2010, Plaintiffs' counsel received an Affidavit of Non-Service from the process server.

8.      On or about January 24, 2011, Plaintiffs' counsel instructed the process server to try to serve Lonnie Dantzler at: 11643 S. Racine Avenue, Chicago, IL 60643-5145, or if unable to serve him at this location, to proceed with a stake-out at: 400 W. 76th Street, Suite 330, Chicago, IL  60620.

9.      On February 16, 2011, the process server advised Plaintiffs' counsel that attempts were made at:  11643 S. Racine Avenue, Chicago, IL  60643-5145 and 400 W. 76th Street, Suite 330, Chicago, IL  60620, but were still not able to effectuate service.  The process server was advised by another tenant at 400 W. 76th Street,

Chicago, IL 60620 that Lonnie Dantzler and his brother were rarely in the office, but when they were in, they would arrive real early and stay real late because they were " hiding out."

10. On February 16, 2011, Plaintiffs' counsel was contacted by Attorney William E. Jamison, Jr. Mr. Jamison advised that he may be retained to represent D and B Construction and he was expecting to meet with Lonnie Dantzler on either February 17 or February 18, 2011.

11. On March 2, 2011, the process server advised Plaintiffs' counsel that several more attempts were made to serve Lonnie Dantzler but had not yet effectuated service. The process server even made an appointment with D and B Construction for a concrete job, but the company sent a subcontractor to meet with the process server.

12. On March 2, 2011, Mr. Jamison advised Plaintiffs' counsel that he was being retained to represent D and B Construction and that he would contact D and B Construction to obtain a possible settlement proposal.

13. On March 4, 2011, Plaintiffs' counsel left a voice mail message for Mr. Jamison inquiring whether Mr. Jamison would accept service of process on behalf of D and B Construction.

14. On March 7, 2011, Plaintiffs' counsel attempted to contact Mr. Jamison again but was unable to leave a voice mail message.

15. As of the date of filing the instant motion, Plaintiffs' process server has been unable to effectuate service of the Summons and Complaint on Defendant, and accordingly, Plaintiffs are unable to proceed with the instant action.

16. The Plaintiffs have good cause for their failure to serve the Summons and Complaint on Lonnie Dantzler. Specifically, Plaintiffs believe that Lonnie Dantzler is evading service at Defendant's place of business.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:**

That the Funds can effectuate service of the Summons and Complaint on Lonnie

Dantzler, d/b/a D and B Construction by

(1)     mailing a copy of the Summons, Complaint and this Order by certified mail, return receipt requested, to Mr. Dantzler's place of business at 400 W. 76th Street, Suite 330, Chicago, IL  60620;

(2)     having Plaintiffs' process server post a copy of the Summons, Complaint and this Order at the business located at 400 W. 76th Street, Suite 330, Chicago, IL  60620; and

(3)     mailing a copy of the Summons, Complaint and this Order, by U.S. Mail, to Attorney William E. Jamison, Jr. at Law Offices of William E. Jamison, Jr. & Associates, 815 W. Van Buren Street, Suite 203, Chicago, IL 60607-3506.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED:____     3/21/2011

Cecilia M. Scanlon
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6288574
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: cscanlon@baumsigman.com

I:\Fvcwj\D and B\order of process.cms.df.wpd